RENDERED:  SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1339-MR

DAVID JENNINGS                                                  APPELLANT

|  |  |  |
|---|---|---|
| v. | APPEAL FROM KENTON CIRCUIT COURT<br>HONORABLE GREGORY M. BARTLETT, JUDGE<br>ACTION NO. 19-CR-00470 |  |

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, McNEILL, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  In this criminal case, Appellant, David Jennings, appeals from the denial of his motion to suppress.  After our review, we affirm.

On April 11, 2019, a Kenton County grand jury indicted Jennings on one count of trafficking in a controlled substance in the first degree, more than four grams of cocaine, 2nd offense.

On April 6, 2021, Jennings filed a motion to suppress. The trial court conducted a suppression hearing and heard arguments of counsel on April 20, and on June 2, 2021. By order entered June 15, 2021, the trial court denied Jennings's motion as follows:

> On February 8, 2019, Detective Ryan Malone was watching a house on Greenup Street based upon a citizen's complaint about drug activity. Det. Malone was parked on E. 9th Street, just east of Greenup Street, when a red Chrysler pulled up . . . . Ultimately, the red vehicle parked on E. 8th Street, just east of Greenup Street. The engine was running, but no one exited the vehicle.
>
> Det. Malone observed a black vehicle pull alongside the red Chrysler. . . . [A] woman exited the black car and entered the passenger side of the red Chrysler for just a brief second. She then exited the Chrysler and got back into her car, grabbed a hoodie, and returned to the red Chrysler. The woman remained in the red Chrysler for approximately 10 minutes before returning to her vehicle. Believing a narcotics transaction might have just occurred, the Detective called another officer to follow the black car.
>
> When the red car pulled away from the curb, Det. Malone followed it. The Detective observed the red Chrysler make a turn **without signaling**. At that point, the Detective called for a marked police vehicle to initiate a traffic stop. The red vehicle made another lane change **without signaling**. A traffic stop was initiated by a uniformed officer . . . . Det. Malone requested a canine unit based upon his observations and suspicion that a drug transaction had occurred.
>
> Officer Matthews of the Covington Police Department stopped the Defendant's vehicle and approached the Defendant. He asked him a series of

questions, including whether he could produce his vehicle registration and insurance. The Defendant was never able to produce an insurance card. The length of time Officer Matthews took with the Defendant was approximately 16 minutes. During that time, a canine unit came to the scene and alerted on the Defendant's vehicle. As a result of the canine officer alerting on the presence of drugs in the Defendant's car, a search was conducted with drugs being found.

The trial court concluded that the police had probable cause to stop Jennings's car for a traffic violation and that once the canine unit alerted on the car, there was probable cause for a search. The court also found that the length of Jennings's "detention following the stop for the traffic violation was not excessive in that the canine unit was on the scene almost immediately following the Defendant's stop for the traffic violation."

After his motion to suppress was denied, Jennings entered a conditional guilty plea to first-degree trafficking in a controlled substance (more than four grams of cocaine), second offense; he received a sentence of ten years.

Jennings now appeals. "In reviewing a trial court's decision to deny a motion to suppress evidence, we accept the trial court's findings of fact as conclusive if they are supported by substantial evidence. We then review de novo the trial court's application of the law to those facts." *Commonwealth v. Reed*, 647 S.W.3d 237, 242-43 (Ky. 2022) (footnotes omitted).

Jennings first argues that the trial court erred by failing to suppress the evidence discovered as a result of an illegally extended traffic stop.

"The Fourth Amendment of the United States Constitution, as applied to the states under the Fourteenth Amendment, and Section 10 of the Kentucky Constitution provide safeguards against unreasonable searches and seizures." *Bolin v. Commonwealth*, 592 S.W.3d 305, 309 (Ky. App. 2019).

> Seizures under the Fourth Amendment are analyzed sequentially, as a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution. Traffic stops are analyzed under the . . . framework [of *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968),] because they are more akin to an investigative detention . . . than a custodial arrest. . . . If the traffic stop is prolonged beyond the time required for the purposes of the stop, the subsequent discovery of contraband is the product of an unconstitutional seizure.
>
> . . . .
>
> Beyond investigating the potential traffic infraction that warranted the stop, an officer may pursue other ordinary inquiries incident to [the traffic] stop. Those inquiries typically include checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. Those inquiries serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly.
>
> . . . .

. . . [O]fficers may pursue unrelated investigative inquiries during a traffic stop if doing so does not *add time* to the stop. For example, when one officer continues to issue a traffic citation or perform other traffic-stop-related inquiries while another officer simultaneously conducts a dog sniff, the dog sniff is permissible because it does not add time to the stop.

*Commonwealth v. Conner*, 636 S.W.3d 464, 472-74 (Ky. 2021) (emphasis original) (internal quotation marks and footnotes omitted).

At page 4 of his Appellant's brief, Jennings states that he does not challenge the trial court's factual findings. He acknowledges that it "appears . . . the Covington Police Department . . . made efforts to comply with the constitutional requirements for a traffic stop with a concurrent dog sniff." However, Jennings asserts that Officer Matthews deviated from the diligent pursuit of the traffic stop by asking Jennings questions unrelated to his failure to use a turn signal -- *e.g.*, where he was coming from, where he was staying, what brought him to Kentucky -- and then relaying that information to Detective Malone. Jennings contends that this "additional time, however slight," impermissibly prolonged the traffic stop in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and Section 10 of the Kentucky Constitution.

Jennings made this argument below; however, the trial court did not address whether Officer Matthews's questioning of Jennings about where he had been and the time it took to relay that information to Detective Malone

-5-

impermissibly extended the traffic stop. Instead, the basis for the trial court's ruling primarily focused on the canine sniff, holding that "detention following the stop for the traffic violation was not excessive in that the canine unit was on the scene almost immediately following the Defendant's stop for the traffic violation."

It does not appear from our review of the record that Jennings raised this alleged omission in the trial court by requesting additional findings -- absent which the issue is not properly before us. As our Supreme Court explained in *Commonwealth v. Smith*, 542 S.W.3d 276 (Ky. 2018):

> RCr[1] 8.20(2) plainly states that "[w]hen factual issues are involved in deciding [the suppression] motion, the court shall state its essential findings on the record." . . . [Appellant] was obliged to raise the omission by motion under CR[2] 52.02 asking the trial court to make the additional findings and amend its order accordingly. [Appellant] did not do so.
>
> An appellate court may decide only those issues which were fully presented to the trial court. . . . The appellate court reviews for errors, and a nonruling cannot be erroneous when the issue has not been presented to the trial court for decision. [Appellant's] failure to raise this omission of what it regards as a critical finding of fact in the trial court precludes appellate review of the omission.

*Id.* at 285 (internal quotation marks and citations omitted).

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

Additionally, the Commonwealth argues that under *Carlisle v. Commonwealth*, 601 S.W.3d 168 (Ky. 2020), questions about travel plans are an ordinary inquiry properly within the scope of the stop. We agree.

Finally, Jennings argues that the police should not be constitutionally permitted to use pretextual traffic stops to conduct dog-sniff searches for drugs. However, Jennings concedes that trial counsel did not specifically raise this issue and requests palpable error review under RCr 10.26.[3] "Whether to undertake palpable error review is within the sole discretion of the appellate court." *Brank v. Commonwealth*, 566 S.W.3d 560, 566 (Ky. App. 2018). We decline to do so here. The academic argument raised by Jennings could have no bearing on undermining the validity of the sound reasoning of the trial court -- even if we were to review it for manifest injustice.

Accordingly, we affirm.


McNEILL, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

---

[3] The rule provides that:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky